■    In the Matter of the Claim of VALERIA SUTKOWSKI, Respondent, against PROSPERITY COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from decisions and awards of disability compensation and death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. The decedent employee worked in a plant of the employer where laundry and dry cleaning equipment were manufactured. On May 28, 1953 he attempted to lift and set in place a barrel of emery sand weighing over 300 pounds. The board found that this unusual effort and strain, superimposed on a pre-existing sclerotic condition of decedent's coronary arteries, caused him to sustain accidental injuries to his back, coronary strain and insufficiency, which ultimately brought on his death. Appellants contend that no substantial evidence was produced to causally relate decedent's death to the accident. Decedent's attending physician testified and stated that his first diagnosis, based in part upon an electrocardiogram made by another physician, did not embrace any heart difficulty related to the accident. A second electrocardiogram made some weeks later, also made by another physician, indicated the presence of an anterior wall infarction in the heart. Accordingly the attending physician changed his diagnosis and found myocardial damage in the nature of a myocardial strain; and he gave as his opinion that the lifting episode, superimposed on an already damaged heart was a competent producing cause which hastened the death of decedent. A heart specialist called on behalf of the employer testified to the contrary. Appellants complain that the evidence of the attending physician was not substantial because he was not a heart specialist and also because he was not qualified to interpret electrocardiograms and relied upon the reports of others. We think these objections go merely to the weight of the evidence and that a question of fact was presented within the exclusive competence of the board to decide. Appellants also raise the objection that their cross-examination of decedent's attending physician was unreasonably limited by the referee. This objection related to references to medical authorities who expressed opinions different from those given by the witness. The extent

to which such an examination may go is discretionary with the trier of the facts and in this case we cannot say the discretion was abused. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.